UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG AARONIAN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MEDICAL DEPARTMENT OF FRESNO COUNTY JAIL,<br><br>　　　　　Defendant.<br>_____ / | CASE NO.   1:10-cv-00682-MJS (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

**SCREENING ORDER**

**I.　PROCEDURAL HISTORY**

On April 19, 2010, Plaintiff Greg Aaronian, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.) Plaintiff consented to Magistrate Judge jurisdiction. (ECF No. 5.)  Plaintiff's Complaint is now before the Court for screening.

**II.　SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief

1

against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

### III. SUMMARY OF COMPLAINT

Plaintiff identifies the Medical Department of the Fresno County Jail as the sole Defendant and alleges the following:

On March 10, 2010, Plaintiff sustained an injury while incarcerated in the Fresno County Jail. In preparation for his transfer to a hospital for treatment, Plaintiff was placed on a "'Blue Hard Board'" in the wrong position and not secured to the board properly. (Compl. at 4.) "As a result of this carlessness [sic] [Plaintiff] suffered additional pain . . . ." (Id.) The same day a doctor prescribed Plaintiff Vicodin. (Id. at 5.)

Between March 15, 2010, and March 20, 2010, Plaintiff was seen by medical staff for continued pain from the careless placement on the transport board. Medical staff

refused to refill the March 10, 2010 Vicodin prescription; Plaintiff continued to suffer pain as a result.  (Id.)

## IV.  ANALYSIS

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Id. at 1949-50.

Plaintiff alleges that the Medical Department of the Fresno County Jail, a municipal entity, provided constitutionally deficient medical care.

### A.   Municipal Liability

A local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability.  Monell v. Department of Social Services,

436 U.S. 658, 691 (1978). Rather, a local government unit may only be held liable if it inflicts the injury complained of through a policy or custom. Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir. 2010).

Generally, to establish municipal liability, the plaintiff must show that a constitutional right was violated, the municipality had a policy, that policy was deliberately indifferent to plaintiff's constitutional rights, "and the policy was the moving force behind the constitutional violation." Burke v. County of Alameda, 586 F.3d 725, 734 (9th Cir. 2009) (citation omitted); see also Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1185-86 (9th Cir. 2002). Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson at 1186. Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." Id.

A local government entity can be sued under section 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that [entity's] officers." Edgerly v. City and County of San Francisco, 599 F.3d 946, 960 (9th Cir. 2010) (quoting Monell, 436 U.S. at 690).

A municipality can be held liable under section 1983 under three theories. First, where the implementation of official policies or established customs cause the constitutional injury. Clouthier v. County of Contra Costa, 591 F.3d 1232, 1249 (9th Cir.

4

2010). Second, where acts or omissions causing the constitutional injury amount to official policy of the municipality. Id. Finally, where an official has ratified the unconstitutional decision or action of an employee of the municipality. Id. at 1250. "A custom can be shown or a policy can be inferred from widespread practices or 'evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded.'" Pierce v. County of Orange, 526 F.3d 1190, 1211 (9th Cir. 2008).

To find a municipality liable for a failure to act, the plaintiff must show that an employee of the municipality violated his constitutional rights, that the customs or policies of the municipality amount to deliberate indifference, and those "customs or policies were the moving force behind" the violation of plaintiff's constitutional rights. Long v. County of Los Angeles, 442 F.3d 1178, 1186 (9th Cir. 2006). For a custom or policy to be the moving force behind the constitutional violation, it must be "closely related to the ultimate injury." Long, 442 F.3d at 1190 (citations omitted). For plaintiff to prevail on a claim that the municipality failed to adopt and implement a policy, he must show that the failure to adopt was deliberately indifferent and that the deliberate indifference was a moving force behind the violation of his constitutional rights. Id. at 1186.

A policy can be one of action or inaction and "is defined as 'a deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.'" Waggy, 594 F.3d at 713 (quoting Monell, 436 U.S. at 589).

Plaintiff has failed to adequately allege municipal liability. The Complaint is devoid of any factual description of a specific policy, widespread practice, or ratified conduct that was the moving force behind the alleged violation. The Court will grant Plaintiff an

5

opportunity to amend.  In order to state a claim against the municipal Defendant, Plaintiff must allege truthful facts that demonstrate specific Medical Department policies and practices created a deliberate indifference to his serious medical needs and gave rise to the alleged constitutional violations.

### B.     Inadequate Medical Care

Plaintiff alleges that he twice received constitutionally deficient medical care while incarcerated at Fresno County Jail.[1]

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a

---

[1]  It remains unclear from the pleadings whether Plaintiff had been convicted of a crime at the time of the alleged violations.  Claims for failure to provide adequate care for serious medical needs, when brought by a detainee who has been neither charged nor convicted of a crime, are analyzed under the substantive due process clause of the Fourteenth Amendment rather than the Eighth Amendment.  Lolli v. County of Orange, 351 F.3d 410, 418 (9th Cir. 2003); Gibson v. County of Washoe, 290 F.3d 1175, 1185–86 (9th Cir. 2002.); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  The Fourteenth Amendment "imposes, at a minimum, the same duty the Eighth Amendment imposes: persons in custody have the established right to not have officials remain deliberately indifferent to their serious medical needs."  Gibson, 290 F.3d at 1187.  The law applicable to Plaintiff's claim is the same regardless of his custody status.  Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017-18 (9th Cir. 2010).

prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted). A prisoner's mere disagreement with diagnosis or treatment

does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989).

Plaintiff alleges two separate serious medical needs. First, Plaintiff sustained an injury of unstated origin for which he required hospital treatment. Plaintiff does not allege any constitutional violation in connection therewith. Then, Plaintiff was injured and suffered five days of severe pain as a result of the manner in which he was transported to the hospital for treatment. It appears that it is the latter injury for which Plaintiff seeks relief here. It is sufficiently serious to satisfy the first element of Plaintiff's medical care claim. "[T]he existence of an injury that a reasonable doctor would find important and worthy of comment or treatment, . . . the presence of a medical condition that significantly affects an individual's daily activities, and . . . the existence of chronic or substantial pain" are indications of a serious medical need. Doty v. County of Lassen, 37 F.3d 540, 546 n.3 (9th Cir. 1994) (citing McGuckin, 974 F.2d at 1059-60; Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).

However, the Complaint fails to state a cognizable medical care claim because Plaintiff does not allege deliberate indifference on the part of the Medical Department or its employees. In fact, Plaintiff describes his inadequate treatment as the product of "'careless neglagance [sic].'" (Compl. at 3.) Allegations of carelessness or negligence do not satisfy the deliberate indifference element, Broughton, 622 F.2d at 460 (citing Estelle, 429 U.S. at 105-06); even gross negligence is insufficient, see Wood, 900 F.2d at 1334.

Putting aside Plaintiff's own adjectives, the Complaint's factual allegations do not describe deliberate indifference. Plaintiff alleges that in preparation for transport to the hospital he was placed on a board incorrectly. There are no alleged facts demonstrating

that a Medical Department policy or employee placed Plaintiff on the board maliciously or in deliberate disregard of an excessive risk to Plaintiff's health.  In order to state a cognizable medical care claim, Plaintiff must allege a policy, inaction, or ratified conduct that amounted to a purposeful act or failure to respond to Plaintiff's serious medical need, and harm caused by the indifference.  Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060).

Plaintiff also alleges that Medical Department personnel refused to renew his Vicodin prescription.  This allegation reflects only a disagreement with the medical provider's choice of care.  Plaintiff was prescribed Vicodin on March 10, 2010.  Sometime in the week of March 15, 2010, his prescription ran out.  Plaintiff does not allege that not providing a refill was medically unacceptable under the circumstances.  Plaintiff can not state a medical care claim based on his belief that he should have been given a refill on his prescription or even the recommendation of refill by another medical practitioner.  In order to state a claim, Plaintiff must allege, with factual support, that not refilling his prescription was a medically unacceptable course of treatment under the circumstances.  Jackson, 90 F.3d at 332.  Plaintiff is also reminded that to hold the Medical Department of Fresno County Jail liable, he must connect the alleged constitutional violation to a Medical Department policy, inaction, or ratified conduct.  Clouthier, 591 F.3d at 1249-50.

### V. **CONCLUSION AND ORDER**

Plaintiff's Complaint does not state a claim for relief under section 1983.  The Court will grant Plaintiff an opportunity to file an amended complaint.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights.  Iqbal, 129 S.Ct. at 1948-

49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed April 19, 2010;

2.      Plaintiff's Complaint is dismissed for failure to state a claim upon which relief

may be granted;

  3. Plaintiff shall file an amended complaint within thirty (30) days; and

  4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated: January 31, 2012   /s/ *Michael J. Seng*
ci4d6          UNITED STATES MAGISTRATE JUDGE